Donald J. Weiss, Esq.
Law Office of Donald J. Weiss
Attorney for Plaintiff
1 Penn Plaza
New York, New York 10119
(212) 967-4440

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

KIM YANCEY,

                    Plaintiff,                                             Case No. 16CV6200

        -against-

ALEO RESTAURANT CORP. and THREE SEVENS LLC,

                    Defendants.

_____

       Plaintiff, KIM YANCEY (hereinafter "Plaintiff"), through her undersigned counsel, alleges, upon information and belief:

## COMPLAINT

1.      This action is brought on behalf of the Plaintiff against defendants ALEO RESTAURANT CORP. ("Aleo") and THREE SEVENS, LLC ("Sevens") to enforce the statutory and regulatory provisions of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. §1367(a).

3.      Venue is proper under 28 U.S.C. § 1391(b).

PARTIES

4.      At all times relevant to this action, Plaintiff suffers from a degenerative bone disease, necessitating the use of a wheelchair for mobility.

5.      Aleo owns and operates a self-described Italian restaurant at the premises known and designated as 7 West 20th Street, New York, New York (the "Property").

6.      Sevens is the owner and/or lessor of the Property.

7.      Aleo occupies the Property pursuant to written agree with Sevens.

8.      Defendants are places of public accommodation covered by Title III of the ADA. 42 U.S.C. §§ 12181(7)(B), 12182(a); 28 C.F.R. §§36.104, 36.201. The Defendants are also covered entities under the Executive Law, the New York State Civil Rights Law and the Administrative Code.

GENERAL ALLEGATIONS

9.      Plaintiff works near the Property and regularly eats with co-workers in the neighborhood.

10.     Plaintiff last visited Aleo on July 31, 2016 and was unable to gain entry due to a step at the entrance to Aleo while she was looking for a place to eat lunch in the neighborhood.

11.     In addition to the step at the entrance, numerous architectural barriers at Aleo prevent or restrict access by individuals with disabilities.  42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. § 36.304.

12.     Records of the NYC Department of Buildings reveal that substantial alterations have taken place at the Property since the implementation of the ADA, the precise nature and scope of said alterations being presently unknown.

2

13.     An inspection of Aleo was conducted, as hereinafter described, and barriers to access include, but are not limited to, the following (the violations are identified according to the 2010 ADA Standards for Accessible Design (the "2010 Standards"):

The Property is located on 20th Street between 5th Avenue and Avenue of the Americas. There is an approximately 2" rise in front of the entrance which prevents Plaintiff from entering. The entrance consists of a series of two large wooden framed glass doors with a small foyer in-between.  Both doors swing inwards.

**Entrance Violations:**

a)  The elevation at the entrance creates a rise within the maneuvering clearance that Plaintiff cannot navigate in her wheelchair, preventing the provision of an accessible route and  preventing Plaintiff from moving from the sidewalk into Aleo (2010 Standards 201.1, 206.2.1, 206.4 and 402)

b)  Despite having made alterations to primary function areas of Aleo, Defendants have failed to ensure the path(s) of travel to the altered area(s) is/are accessible, to the maximum extent feasible (2010 Standards 202.4). As a result, Plaintiff is unable to access all areas of Aleo, as able bodied patrons are able to.

c)  The Defendants failed to ramp the rise over ½ inch at the entrance, so that there is no accessible route, capable of navigation by a person in a wheelchair, and in violation of 2010 Standards 206.4, 303.2, 303.4, 402.1, 402.2, 403.4, 404 and 405, leaving Plaintiff sitting outside on the sidewalk, looking in.

d)  There are two doors in a series so the Plaintiff would require assistance trying to manage opening the exit door, due to its proximity to the inside restaurant/foyer door.  There is no

3

48 inch clear space between the doors so that Plaintiff would be unable to make an independent entrance or exit (2010 Standards 404, 404.2.6 and 404.3).

Past the entrance, there is a bar to the right, with bar stool seating. The bar runs halfway down the restaurant. The bar is more than 10 foot long and more than 40" tall. Able bodied patrons can eat and drink at the bar. There is no low section that would allow Plaintiff to order drinks or enjoy some food with friends. To the left of the entrance, there are "peg leg" style tables running along the storefront. There are additional "peg leg" style tables with chairs and/or bench style seating towards the rear of the restaurant. Beyond that is an area referred to as "garden" dining.

The "garden area" contains two French style window/doors with four panes that open up like a storefront. There is a 1 inch rise at the threshold of the French doors. The tables appear to be arranged so that no accessible 36" route is provided and people in wheelchairs do not have sufficient room to maneuver. There are multiple "peg leg" style tables of different shapes and sizes in this area.

There are no ADA compliant tables anywhere in Aleo. The tables provided are not at the required height and do not have the proper allowance below them for wheelchair access. The Plaintiff could not pull up under any table that would allow her to eat while in her wheelchair. Not only are they not at the right height, there is no room for her legs and feet under the tables.

**Dining Area Violations:**

e) There are no accessible seating/tables in any of the dining areas that allow enough space for a persons knees and toes below the table, as they sit in a wheelchair (2010 Standards 226.1, 226.2, 306, 306.1, 306.2, 306.3, 902).

f)  Restaurants must provide an accessible route to all dining areas, including the garden
    dining area (2010 Standards 206.2.5, 902.1).  The step at the entrance door prohibits
    access to inside dining and the lip at the garden area entrance inhibits use of the garden
    area.

There are two bathrooms labeled "Men" and "Women" and both are located on the left side
of the hall.

The door to the women's bathroom is 31" wide and would not allow people to enter in
their wheel chair.  The door has a knob difficult to grasp and turn by an individual with limited
hand dexterity.  The toilet and sink are located on the back wall.  The toilet is very close to the
side wall, the centerline is only 13".    There is only one grab bar present on the side wall, on an
angle 38" high to the back side of toilet and 30" on the front side.  There is a portable garbage
can in the corner in front of the toilet, obstructing the turning space in the room.

The bottom of the sink is 27" and the pipes under the sink are not wrapped, leaving
exposed pipes under the sink.  There is a small stack of paper towels on the side of the sink.
Finally, above the sink, there is a mirror that is hung to high (bottom reflective edge is at 44")
and does not allow the Plaintiff to view herself, as able bodied patrons can.

**Toilet Room Violations:**

g)  Door openings must provide a minimum clear width of 32 inches, measured between the
    face of the door and the stop, with the door open 90 degrees. The women's room door
    does not provide the clearance required for Plaintiff to enter the room (2010 Standards
    404.2.3).

h)  The knob on the door is round and requires both grasping and turning of the wrist.  It

should be replaced with a type that can be manipulated easily by individuals who cannot manipulate due to limited dexterity (2010 Standards 309.4, 404.2.7).

i)  2010 Standards 604.2 requires the water closet to be positioned with a wall or partition to the rear and to one side, with the centerline of the water closet 16 inches to 18 inches from the side wall or partition.  This toilet sits too close to the wall which prohibits plaintiffs from maneuvering onto the seat.

j)  2010 Standards 604.5 requires grab bars at toilets to comply with 609.  Grab bars must be on both the side wall closest to the water closet and on the rear wall.  This room only provides a side grab bar.

k)  2010 Standards 4.19.4 requires hot water and drain pipes under lavatories to be insulated or otherwise configured to protect against contact, but these pipes are exposed.

l)  Plaintiff may not use the mirror, as mirrors must be mounted with the bottom edge of the reflecting surface no higher than 40 in above the finish floor to allow a seated person to use the mirror (2010 Standards 4.19.6).

m) There is no 60 inch turning space within the room which allows Plaintiff to enter and turn to lock the door.  There is no space in the room to move out of the way of the door so she may close it, violating 2010 Standards 603.2.3, 304.3.1.

14.     Plaintiff will continue to visit Aleo and will attempt to enter if the barriers to her enjoyment of the facilities have been removed.

15.     It would be readily achievable for defendants to remove some or all of the barriers to access at Aleo.

16.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against individuals with disabilities in violation of sections 302(a)

and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. §12182(a), (b)(2)(A)(iv), and in violation of 28 C.F.R. § 36.304.

17.     Defendants' failure to remove the barriers to access constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. §12188(b)(l)(B)(i) and 28 C.P.R.§ 503(a).

18.     Defendants' failure to remove the barriers to access constitutes unlawful discrimination that raises an issue of general public importance within the meaning of 42 U.S.C. § 12188(b)(l)(B)(ii) and 28 C.P.R.§ 36.503(b).

19.     Moreover, upon information and belief, defendants, or either of them, have altered areas of Aleo since January 26, 1992. Such alterations must be readily accessible to persons with disabilities to the maximum extent feasible. *See* 42 U.S.C. § 12183(a)(2). Notwithstanding the said alterations, the altered areas and paths of travel to those altered areas do not comply with the requirement that these services, features, elements, and spaces be readily accessible to and usable by individuals with disabilities.

20.     Some of the barriers described above were witnessed by Plaintiff and all of the alleged barriers were discussed with Plaintiff prior to the filing of this action, and photos depicting some of the barriers alleged herein are annexed as Exhibit A.

21.     Plaintiff has therefore suffered an injury-in-fact for the purpose of her standing to bring this action.

22.     Upon information and belief, there are other potential violations and barriers to entry that will be discovered and disclosed during the discovery and disclosure process.

7

## COUNT ONE
### (Violation of Title III ADA)

23.     Plaintiff incorporates all allegations heretofore set forth.

24.     The barriers to access at Aleo have effectively denied or diminished Plaintiff's ability to visit the Property and have caused embarrassment and frustration to the Plaintiff.

25.     Defendants have discriminated against Plaintiff and others in that they have failed to make their public accommodation fully accessible to, and independently usable by, individuals who are disabled, in violation of 42 U.S.C. §12182(a) and §121282(b)(2)(iv).

26.     Compliance with the requirements of the ADA would neither fundamentally alter the nature of Aleo nor result in an undue burden to defendants.

27.     Defendants could have removed some of the illegal barriers by i) ramping the step at the entrance; ii) purchasing ADA compliant tables; and iii) making the women's bathroom fully ADA compliant.

28.     Defendants' violations of the ADA have harmed, and will continue to harm, Plaintiff in the future by denying her civil rights to enjoy the goods and services provided by Aleo, as able bodied patrons are able to do.

## COUNT TWO
### (Violation of the Executive Law)

29.     Plaintiff incorporates all allegations heretofore set forth.

30.     Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation, all because she is disabled.

31      Defendants have discriminated against Plaintiff in violation of Executive Law §

8

296(2), by maintaining and/or creating an inaccessible place of public accommodation.

32.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

33.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

34.     As a direct and proximate result of defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

35.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**COUNT THREE**
**(Violation of the Administrative Code)**

36.     Plaintiff incorporates all allegations heretofore set forth.

37.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by  directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

38.     Defendants have discriminated against Plaintiff in violation of the Administrative Code § 8-107(4), and Local Law 58, by maintaining and/or creating an inaccessible place of public accommodation.

39.     As a direct and proximate result of defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

40.     Defendants' failure to remedy the barriers to access hereinabove set forth reveals, at best, an indifference to the handicapped community, as well as a disregard of a law in effect since 1992.

41.     By refusing to make its place of public accommodation accessible, defendants have unlawfully profited from their discriminatory conduct by receiving revenues from an unlawful space and then pocketing monies it should have lawfully used to make its place of public accommodation fully accessible.  Defendants' unlawful profits plus interest must be disgorged.

42.     Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

## COUNT FOUR
### (Violations of New York State Civil Rights Laws)

43.     Plaintiff incorporates all allegations heretofore set forth.

44.     Defendants have discriminated against Plaintiff pursuant to New York State Executive Law.

45.     Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

46.     Notice of defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

47.     Plaintiff will continue to experience unlawful discrimination as a result of the defendants' failure to comply with the above-mentioned laws.  Money damages alone are inadequate, and Plaintiff has been suffering, and will continue to suffer, irreparable injury.

10

Therefore, injunctive relief is necessary to order the defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

48.     Injunctive relief is also necessary to make Aleo readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws, in part, by compelling the defendants to i) ramp the step at the entrance; ii) purchase ADA compliant tables; and iii) make the women's bathroom fully ADA compliant.

## . **DECLARATORY RELIEF**

49.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## **ATTORNEY'S FEES, EXPENSES AND COSTS**

50.     In order to enforce Plaintiff's rights against the defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the defendants, in favor of Plaintiff, containing the following relief:

A.     Enter declaratory judgment declaring that the defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the defendants' place of public accommodation, and its policies, practices and procedures

B.     Issue a permanent injunction ordering the defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but limited to the violations set

11

forth above;

    C.      Retain jurisdiction over the defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

    D.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

    E.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

    G.      Pursuant to New York State Civil Rights Law § 40-d, find the defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

    H.      Award Plaintiff reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

    I.      Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

    J.      For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 1, 2016

_____

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
1 Penn Plaza, Suite 4701
New York, NY 10119
(212) 967-4440

# EXHIBIT A



Garden Dining Room Area:







